IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| DILLON JAMES CROUCH, <br><br> Plaintiff, <br><br> vs. <br><br> JILL BUCK, DR. EDWARDS, DR. FLYNN, CYNTHIA BOLES, ERIN ISRAEL, and BRIAN WINTERS, <br><br> Defendants. | CV 14-00024-H-DLC-RKS <br><br> ORDER AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

**SYNOPSIS**

Mr. Crouch, proceeding without counsel, alleges Defendants violated his Eighth Amendment rights by denying him mental health treatment while he was incarcerated. (Complaint, Doc. 2 at 6.) Defendants will be required to respond to these allegations. Mr. Crouch's allegations regarding harassment, threats, and his discharge from Montana State Prison fail to state a claim and should be dismissed. Defendant Isreal [sic] should be dimsissed.

**JURISDICTION**

Mr. Crouch filed this action in federal court, in the Helena Division of the District of Montana. (Complaint, Doc. 2.) Venue is proper, as he was incarcerated in and alleges wrongs committed in Powell County, Montana. Local Rule

3.2(b)(3). The Court has personal jurisdiction over the parties, all of whom are found in Montana. Fed. R. Civ. P. 4(k)(1)(A); Mont. R. Civ. P. 4(b). Read liberally, the Complaint alleges a violation under 42 U.S.C. § 1983, invoking subject matter jurisdiction. 28 U.S.C. § 1331, 28 U.S.C. § 1343(a). The case was assigned to Hon. Dana Christensen, Chief United States District Court Judge, and referred to the undersigned. Local Rule 72.2(a)(1).

## STATUS

Mr. Crouch was a prisoner at the time he filed his Complaint. He is proceeding in forma pauperis. His Complaint must be reviewed to determine if the allegations are frivolous, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A. If so, the case must be dismissed. 28 U.S.C. §§ 1915(e)(2), 1915A(b). This is the review.

## STANDARDS

**Stating a claim**

A complaint must allege sufficient factual matter to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plausibility is less than probability, but requires "more than a sheer possibility that a defendant has acted unlawfully." *Id*. Pleadings that are no more than conclusions are not entitled to the presumption of truth and may be disregarded. *Id.* at 679. A plaintiff must plead the essential elements of a claim to avoid dismissal for failure to state a claim. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

**Leave to amend**

Mr. Crouch, representing himself, is entitled to have his Complaint liberally construed. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987). "Unless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

Leave for Mr. Crouch to amend his complaint should be given freely "when justice so requires." Fed. R. Civ. P. 15. A district court, however, should dismiss a complaint without granting leave to amend if amendments would be futile. *Klamath Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau*, 701 F.2d 1276, 1293 (9th Cir. 1983); *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 538 (9th Cir.

1989).

**Eighth Amendment—Denial of Mental Health Care**

To state an Eighth Amendment claim for denial of medical care, a plaintiff must allege specific facts that, if proved, would establish that the plaintiff had a serious medical need and the defendant showed deliberate indifference to that need. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *see also McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds by WMX Technologies, Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997). To state an arguable Section 1983 claim for failure to provide medical care, a prisoner must allege that a defendant's "acts or omissions [were] sufficiently harmful to evidence a deliberate indifference to serious medical needs." *Estelle*, 429 U.S. at 106; *Toussaint v. McCarthy*, 801 F.2d 1080, 1111 (9th Cir. 1986).

A serious medical need exists if failure to treat the condition could result in significant injury or the "unnecessary or wanton infliction of pain." *Estelle*, 429 U.S. at 104. To qualify as a deliberately indifferent response, the plaintiff must allege: (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). The constitutional standard of care applicable to a prisoner's serious medical needs applies to a prisoner's serious mental health

4

needs. *Doty v. County of Lassen*, 37 F.3d 540, 546 (9th Cir. 1994).

**Eighth Amendment—Harassment**

Verbal harassment generally does not violate the Eighth Amendment. *Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996) (citing *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987)). Similarly, allegations of mere threats are not cognizable under Section 1983. *Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987).

## FACTUAL ALLEGATIONS

For purposes of this review, factual allegations in the Complaint are presumed to be true. Unsupported legal conclusions, however, are disregarded.

Upon his arrival at Montana State Prison on September 5, 2012, Mr. Crouch notified mental health staff of his mental health history and need for medications. He was informed that he would not receive medications until he was seen by a psychiatrist. However, he alleges he was never seen by a psychiatrist. He alleges he suffered from depression and multiple anxiety attacks that could have been avoided with proper care. (Complaint, Doc. 2 at 8.)

A mental health therapist stated her concern for Mr. Crouch's ability to function in general population. Mr. Crouch also expressed his concerns for being housed in general population with a "kite" sent to mental health on November 21,

2012.[1] Nevertheless, he was transferred to Crossroads Correctional Center in Shelby, Montana, which did not offer housing for mentally-ill inmates. He alleges Montana State Prison's mental health department knew the Shelby facility lacked support for mentally-ill inmates. (Complaint, Doc. 2 at 8.)

On December 7, 2012, Mr. Crouch suffered a mental breakdown and was placed on a suicide watch. (Complaint, Doc. 2 at 8-9.)

On multiple dates while at Montana State Prison, including March 2013, November 7, 2013, and February 11, 2014, Mr. Crouch was placed in the locked housing unit due to anxiety attacks. He was isolated and locked down for 24-hours a day. He alleges he had not received a write-up and, therefore, was not in this placement for disciplinary or behavioral problems. (Complaint, Doc. 2 at 9.)

On August 9, 2013, Mr. Crouch alleges he was harassed, threatened, and coerced by Defendant Brian Winters and on-duty officers in response to a "kite" he had written requesting help. Mr. Winters threatened to have Mr. Crouch stripped and locked up in a suicide cell. (Complaint, Doc. 2 at 10.)

Mr. Crouch had a "full mental [break]down" while at the Bootcamp program

---

[1] It is the Court's understanding that a "kite" is a written inmate letter, grievance, or request to a staff member.

on November 7, 2013.[2] He was removed from the program and placed in a locked housing unit. He was placed on MDIU[3] on November 12, 2013, without proper medications or treatment. (Complaint, Doc. 2 at 10.)

Mr. Crouch also alleges that he was denied support for his discharge from Montana State Prison. He alleges Defendant Erin Isreal [sic] refused to help him apply for federal programs. (Complaint, Doc. 2 at 11.)

## ANALYSIS

**Eighth Amendment—Denial of Mental Health Care**

Mr. Crouch alleges Defendants were aware of his mental health issues, refused to provide him with treatment or evaluation, and placed him in disciplinary units. He also alleges that as a result of this lack of treatment he suffered two mental breakdowns and was placed on suicide watch on at least one occasion. Despite the initial concern of the intake mental health staff, his placement on suicide watch, and a mental breakdown resulting in his removal from Bootcamp, Mr. Crouch alleges he was never evaluated by a prison psychiatrist and was put in

---

[2]The April 17, 2014 Complaint indicates the incident occurred on November 7, 2014. The Court will assume for purposes of this Prder that these incidents occurred in November 2013.

[3]MDIU is not defined in the Complaint, but the Court assumes Mr. Crouch is referring to the Martz Diagnostic Intake Unit of the prison.

7

lockdown. (Complaint, Doc. 2 at 8-10.) Mr. Crouch has stated an arguable claim for denial of medical care. *See Casey v. Lewis*, 834 F.Supp. 1477, 1550 (D. Ariz. March 19, 1993) (the use of lockdown as an alternative to mental health care for inmates with serious mental illnesses clearly rose to the level of deliberate indifference to serious medical needs).

### Eighth Amendment—Harassment

Mr. Crouch alleges Defendant Brian Winters and on-duty officers harassed, threatened, and coerced him. Mere threats and verbal harassment are insufficient to state an Eighth Amendment claim. *Keenan*, 83 F.3d at 1092; *Gaut*, 810 F.2d at 925. This claim should be dismissed.

### Miscellaneous Claim

To the extent Mr. Crouch attempts to state a claim that Defendant Erin Isreal [sic] violated his rights by not helping him apply to federal programs upon his discharge from Montana State Prison, he has failed to state a claim. There is no constitutional right implicated by the facts alleged. This claim and Defendant Isreal [sic] should be dismissed.

## CONCLUSION

Mr. Crouch has stated an Eighth Amendment claim for denial of medical care. Defendants must respond to these allegations.

8

Mr. Crouch's claims regarding harassment, threats, and his discharge from Montana State Prison fail to state a claim and should be dismissed. The allegation of additional defects would not cure the defect. Defendant Isreal [sic] should be dismissed.

It is **RECOMMENDED**:

1. Mr. Crouch's Claims regarding harassment, threats, and his discharge from Montana State Prison should be **DISMISSED**.

2. Defendant Erin Isreal [sic] should be **DISMISSED**.

It is **ORDERED**:

1. Pursuant to Fed.R.Civ.P. 4(d), Defendants are requested to waive service of summons by executing, or having counsel execute, the Waiver of Service of Summons. The Waiver must be returned to the Court within thirty (30) days of the entry date reflected on the Notice of Electronic Filing. If Defendants choose to return the Waiver of Service of Summons, the answer or appropriate motion will be due within 60 days after the entry date of this Order as reflected on the Notice of Electronic Filing, pursuant to Fed.R.Civ.P. 12(a)(1)(B).

2. The Clerk of Court shall forward the documents listed below to:

Legal Counsel for the
Montana Department of Corrections
P.O. Box 201301

9

Helena, MT 59620-1301

    \*      Complaint (Doc. 2);

    \*      this Order;

    \*      a Notice of Lawsuit & Request to Waive Service of Summons; and

    \*      a Waiver of Service of Summons.

3. Any party's request that the Court grant relief, make a ruling, or take an action of any kind must be made in the form of a motion, with an appropriate caption designating the name of the motion, and must be served on all parties to the litigation, pursuant to Federal Rules of Civil Procedure 7, 10, and 11. If a party wishes to give the Court information, such information must be presented in the form of a notice. The Court will not consider requests made or information presented in letter form.

4. Pursuant to Fed.R.Civ.P. 5(a), all documents presented for the Court's consideration must be simultaneously served by first-class mail upon the opposing party or their counsel if the party is represented. Each party shall sign and attach a proper certificate of service to each document filed with the Court. The Certificate of Service must state the date on which the document was deposited in the mail and the name and address of the person to whom the document was sent. The sender must sign the certificate of service.

5. Mr. Crouch <u>must not</u> make any motion for default until at least seventy (70) days after the date of this Order.

6. At all times during the pendency of this action, Mr. Crouch must immediately advise the Court and opposing counsel of any change of address and its effective date. Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

DATED this 29th day of December, 2014.

    /s/ Keith Strong
Keith Strong
United States Magistrate Judge

# NOTICE OF LAWSUIT AND REQUEST FOR WAIVER OF SERVICE OF SUMMONS

TO: Legal Counsel for the Montana Department of Corrections
P.O. Box 201301
Helena, MT 59620-1301

A lawsuit has been commenced by a pro se plaintiff against Jill Buck, Dr. Edwards, Cynthia Boles, Dr. Flynn, and Brian Winters. A copy the Complaint is attached to this notice. It has been filed in the United States District Court for the District of Montana, Civil Action No. CV-14-24-H-DLC-RKS. The Court has completed its pre-screening and concludes Defendants must file a responsive pleading. *See* 42 U.S.C. § 1997e(c), (g)(2); 28 U.S.C. §§ 1915(e)(2), 1915A(a), (b).

This is not a formal summons or notification from the Court, but rather a request that you sign and file the enclosed waiver of service in order to save the cost of service by the U.S. Marshal's Service. The cost of service will be avoided if you file the signed Waiver of Service of Summons within 30 days of the date the Order directing this Notice of Lawsuit and Request for Waiver of Service of Summons to be sent was entered as indicated on the Notice of Electronic Filing.

If you comply with this request and return the waiver to the Court, it will be filed with the Court and no summons will be served. The action will then proceed as if you had been served on the date the waiver is filed, except you must file an answer or appropriate motion within 60 days of the date the Order directing this Notice of Lawsuit and Request for Waiver of Service of Summons to be sent was entered as indicated on the Notice of Electronic Filing.

If you do not wish to waive service on behalf of Defendants, please indicate this on the Waiver of Service of Summons form. The Court will, in turn, order the U.S. Marshal's Service to serve the complaint personally on Defendants and may impose the full costs of such service.

                                                 */s/ Keith Strong*
                                                 Keith Strong
                                                 United States Magistrate Judge

# WAIVER OF SERVICE OF SUMMONS

TO:   The U.S. District Court for the District of Montana

     The following Defendants acknowledge receipt of your request to waive service of summons in the following action: <u>Crouch v. Buck, et al.</u>, Civil Action No. CV-14-24-H-DLC-RKS, filed in the United States District Court for the District of Montana. Defendants also received a copy of the Complaint. I am authorized by the following Defendants to agree to save the cost of service of a summons and an additional copy of the Complaint in this action by not requiring that the following individuals be served with judicial process in the case provided by Fed.R.Civ.P. 4:

_____;  _____;

_____;  _____;

_____;  _____;

     The above-named Defendants retain all defenses or objections to the lawsuits or to the jurisdiction or venue of the Court except for objections based on a defect in the summons or in the service of the summons. I understand judgments may be entered against the above-named Defendants if an answer or motion under Fed.R.Civ.P. 12 is not served within 60 days after the date the Order directing the Notice of Lawsuit and Request for Waiver of Service of Summons to be sent was entered as indicated on the Notice of Electronic Filing.

_____     _____
DATE                                       SIGNATURE

                                             _____
                                             PRINTED/TYPED NAME

                                             _____

                                             _____
                                             ADDRESS