IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| DILLON JAMES CROUCH,<br><br>Plaintiff,<br><br>vs.<br><br>JILL BUCK, DR. EDWARDS, DR. FLYNN, CYNTHIA BOLES, and BRIAN WINTERS,<br><br>Defendants. | CV 14-00024-H-DLC-JTJ<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Plaintiff Dillon Crouch is proceeding in forma pauperis and without counsel. When he filed his Complaint on April 17, 2014, Mr. Crouch was a state prisoner incarcerated at Montana State Prison. (Complaint, Doc. 2.) The Department of Corrections website indicates that Mr. Crouch's last status change was June 16, 2014, and that he is under the supervision of the Missoula Probation and Parole Office. *See* www.app.mt.gov/conweb/Home/OffenderNumber/3007268 (accessed January 6, 2016). On June 23, 2014, Mr. Crouch filed a Notice of Change of Address, listing his new address as a post office box address in Missoula, Montana. (Doc. 6.) On September 19, 2015, Mr. Crouch filed a second Notice of Change of Address, listing a different address in Missoula. (Doc. 7.) The Court therefore assumes that Mr. Crouch has been released from prison.

1

On October 2, 2015, Defendants filed a Motion for Summary Judgment, arguing Mr. Crouch failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). (Doc. 19.) Pursuant to Local Rule 56.2, Defendants served Mr. Crouch with the requisite Notice and Warning regarding the filing of a Motion for Summary Judgment on October 2, 2015. (Doc. 22.) Defendants indicated in their motion that Mr. Crouch had not responded to their attempts to contact him regarding whether he objected to their motion. (Doc. 19 at 2.)

Mr. Crouch did not file a response to Defendants' motion for summary judgment. Because it appeared that Mr. Crouch did not intend to prosecute the case further, the Court issued an Order on November 18, 2015, requiring Mr. Crouch to show cause why this matter should not be recommended for dismissal with prejudice for failure to prosecute on or before December 17, 2015. The undersigned specifically warned Mr. Crouch that a failure to respond to the Order would result in a recommendation that this matter be dismissed with prejudice.

Based upon Mr. Crouch's refusal to respond to Defendants' motion and failure to comply with the Court's November 18, 2015 Order, this matter should be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

The Court has the inherent power to sua sponte dismiss a case for lack of

prosecution or failure to comply with a court order. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *see also* Fed.R.Civ.P. 41(b); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). Dismissal, however, is a harsh penalty and should be imposed as a sanction only in extreme circumstances. *Henderson*, 779 F.2d at 1423.

Courts must consider the following factors before imposing dismissal as a sanction for failure to prosecute or failure to comply with a court order: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits. *Pagtalunan v. Galaza*, 291 F.3d 639 (9th Cir. 2002) (*citing Ferdik*, 963 F.2d at 1260-61).

"The public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). Mr. Crouch filed this case more than a year and a half ago. It is at a critical stage in that there is a pending Motion for Summary Judgment (Doc. 19), to which Mr. Crouch did not respond. This factor weighs in favor of dismissal.

For much the same reasons, the second factor supports dismissal. The Ninth Circuit has noted that "[i]t is incumbent upon us to preserve the district courts'

3

power to manage their docket without being subject to the endless vexatious noncompliance of litigants." *Ferdik*, 963 F.2d at 1261. "The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Pagtalunan*, 291 F.3d 639 (*citing Yourish*, 191 F.3d 983). The Court must be able to manage its docket. It cannot do so if Mr. Crouch refuses to communicate with the Court or opposing counsel and refuses to file responsive pleadings. Therefore, this factor favors dismissal.

The third factor requires the Court to weigh the risk of prejudice to the Defendants. "To prove prejudice, a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." *Malone v. United States Postal Service*, 833 F.2d 128, 131 (9th Cir. 1987). Mr. Crouch's refusal to litigate this matter makes prejudice a foregone conclusion. The longer this matter sits, the more prejudice to Defendants.

The Court has considered and provided less drastic alternatives. Alternatives may include "allowing further amended complaints, allowing additional time, or insisting that appellant associate experienced counsel." *Nevijel v. North Coast Life Insurance Co.*, 651 F.2d 671, 674 (9th Cir. 1981). Although the Court should consider less drastic alternatives to dismissal, the Court is not

required to exhaust all such alternatives prior to dismissal.  *Id.*  The undersigned warned Mr. Crouch about the consequences of not responding to Defendants' motion, and the Court gave him an opportunity to show cause why the case should not be dismissed.  He has not responded.  As such, the Court can envision no further alternatives to dismissal.

The last factor weighs against dismissal of the Complaint because public policy favors the disposition of cases on their merits.  *Pagtalunan*, 291 F.3d 639 (*citing Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998)).  However, in light of the other four factors favoring dismissal, the undersigned finds that this matter should be dismissed for failure to prosecute and failure to comply with the Court's order.

Based upon the foregoing, the undersigned issues the following:

## RECOMMENDATIONS

1.  This matter should be **DISMISSED WITH PREJUDICE** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.  The Clerk of Court should be directed to close this matter, enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure, and terminate all pending motions.

2.  The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate

Procedure that any appeal of this decision would not be taken in good faith.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a) should not be filed until entry of the District Court's final judgment.

DATED this 11th day of January, 2016.

                                            */s/ John Johnston*
                                            John Johnston
                                            United States Magistrate Judge

---

[1] As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.